IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>v.<br><br>BRIAN GOFF,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SUPPLEMENT PRE-SENTENCE INVESTIGATION REPORT**<br><br>Case No. 2:11-cr-00436-001<br><br>District Judge David Nuffer |

      This order denies the pro se motion of Defendant Brian Goff, who pleaded guilty to bank fraud and other charges,[1] to supplement the Presentence Investigation Report ("Motion").[2]

      Mr. Goff argues that the Presentence Investigation Report needs to be amended to explain "his alcohol abuse problem prior to arrest."[3] He explains that he "was not aware, during his Pre-Sentence Investigation Interview, that he should have fully disclosed his alcohol dependency."[4] Mr. Goff explains that he was nervous during the interview and did not describe the hardships he faced in life, specifically regarding alcohol.[5] He states that he "would like to get help" and asks for an "opportunity to get enrolled into a comprehensive substance abuse program while I am in federal prison."[6] Mr. Goff does not explain how amending the Presentence Investigation Report would provide him an opportunity to be enrolled in a substance abuse program in prison, and

---

[1] *See* Judgment in a Criminal Case, docket no. 231, entered Feb. 29, 2016 (noting that Mr. Goff entered a guilty plea as to counts 4 (bank fraud), 14 (money laundering), and 28 (making and subscribing a false tax return) of the Indictment).

[2] Motion to Supplement Pre-Sentence [sic] Investigation Report ("Motion"), docket no. 235, filed Apr. 4, 2016.

[3] *Id.* at 1.

[4] *Id.*

[5] Affidavit of Brian Goff ("Goff Affidavit") at 1, Ex. 1 to Motion, docket no. 235-1, filed Apr. 4, 2016.

[6] *Id.* at 2.

does not explain why he would not be able to enroll in such a program if the Presentence Investigation Report is not amended. Paragraph 61 of the Presentence Investigation Report already refers to his challenges with alcohol.

Although Mr. Goff does not identify any rule which allows him to seek amendment of his Presentence Investigation Report, it is presumed Mr. Goff is proceeding with his Motion under Rule 32.[7] Rule 32 requires a presentence investigation report to include "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment."[8] Thus, any circumstances affecting Mr. Goff's behavior that would have been helpful in sentencing, such as alcohol abuse, should have been noted in Mr. Goff's Presentence Investigation Report. Paragraph 61 of Mr. Goff's Presentence Investigation Report includes a brief explanation of Mr. Goff's alcohol use.[9] Therefore, the Presentence Investigation Report appears to comply with Rule 32 as it relates to Mr. Goff's alcohol use.

Further, no rule specifically authorizes modification of a presentence investigation report but the 14-day restriction on amending a sentence under Fed. R. Crim. P. 35(a) would appear to bar any amendment at this time.

IT IS HEREBY ORDERED that the Motion[10] is DENIED.

Dated July 5, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[7] Fed. R. Crim. P. 32.

[8] Fed. R. Crim. P. 32(d)(2)(A)(iii).

[9] Presentence Investigation Report ¶ 61, docket no. 216, filed Dec. 21, 2015.

[10] Motion to Supplement Pre-Sentence [sic] Investigation Report ("Motion"), docket no. 235, filed Apr. 4, 2016.